# CASES

## IN THE

# SUPREME JUDICIAL COURT

### FOR

## THE COUNTY OF KENNEBEC, MAY TERM, 1832.

---

## WARE *ex'r. vs.* OTIS.

The principal debtor in a promissory note conveyed to his surety a certain quantity of timber, by a writing in these terms;—"In consideration that *B. D.* has become my surety to *J. W.* in the sum of three thousand dollars, I hereby assign to him all the timber cut or to be cut the present season at my mills," &c. The surety himself also borrowed money of the same lender; and afterwards, by indorsement, assigned all his interest in that instrument to *J. O.*, whom he subsequently directed to apply the proceeds of the timber, *first* to the last mentioned debt of his own, and the balance to the debt of three thousand dollars, due from his own assignor. Hereupon it was *held* :—That the instrument conveyed to *B. D.* all the timber described in it ;—yet not absolutely ; but in pledge and trust, to pay the debt for which he had become surety ;—and that he had no right to change the appropriation, by applying the proceeds to his own debt.

This action, which was *assumpsit* for money had and received, was defended on various grounds; but was decided upon one only ; all the facts relating to which will be found in the opinion of the Court, delivered by

MELLEN C. J. Various objections have been urged against the plaintiff's right to recover in this action. It seems that *John Ware,*

the testator, loaned two sums of money ; one sum was three thousand dollars loaned to *White* and *Warren* ; for which they made their note to the testator, and *Mann* and *Davenport* signed the same also as their sureties. The other sum was one thousand dollars, loaned by said testator to *Davenport*, for which he made his note, and *White* and *Warren* also signed the same as his sureties. The assignment mentioned in the report, is in these words ;—" In consideration that *Benjamin Davenport* has become my surety to *John Ware* in the sum of three thousand dollars, I hereby assign to him all the timber cut or to be cut the present season, at my . *Warramontogus* mills, and also all the boards, laths and clapboards, so far as they belong to me, to be delivered on the east bank of *Kennebec* river. *Dec.* 19, 1826. *Eben. White.*" On the back of the original assignment is the following writing ;—" *Hallowell, April* 3d, 1827. I *Benjamin Davenport*, by these presents assign and transfer the within contract and agreement to *John Otis. Benjamin Davenport.*" On the first of *September*, 1827, *Davenport* delivered to *Otis* a direction in writing, of the tenor following :— " You will apply the proceeds of the lumber and other property transferred to me by *Ebenezer White* and *E. I. Warren*, or either of them, as follows ; first, to pay the amount of execution, *John Ware v. Ebenezer White, E. I. Warren* and myself, recovered at the Court of Common Pleas, *Somerset* county, with interest thereon ; and the balance, if any, to be applied to the payment of a note given to said *Ware* by myself and others for three thousand dollars. *Sept.* 1, 1827. *Benja. Davenport.*" The principal question between the parties seems to be, whether the money, alleged to have come to the hands of the defendant, ought to be applied towards payment of the three thousand dollar note, or that given for one thousand dollars. The plaintiff contends that it ought to be applied towards payment of the one thousand dollars. The defendant contends that it should be applied towards payment of the three thousand dollar note. The proceeds of the lumber collected were not sufficient to pay either note. From the language of *White's* assignment to *Davenport* and the consideration mentioned, we cannot discover that evidence of an absolute sale of the

lumber which the plaintiff relies upon. No quantity of lumber is specified ; nor any price. All is uncertain ; and yet all is intelligible and consistent with the usual course of business, if we consider the assignment as made to *Davenport,* to secure him against his suretyship, by enabling him, by the proceeds of the lumber, to pay the debt, and thus relieve principals and sureties from their obligation to *Ware.* On this construction of the assignment *Davenport* had no right to pay his own debt out of the property ; but the second assignment to *Otis* would and did enable him to carry into execution the designs of all concerned, by an appropriation of the proceeds of the lumber towards payment of the three thousand dollar note. Viewing these instruments, and the circumstances attending their execution, our opinion is that the plaintiff has no right to claim the sum demanded as payment on account of the one thousand dollar note, and on this ground the action is not maintainable. And, if the construction contended for by the counsel for the plaintiff, should be adopted, we apprehend the result might be the same ; for if we are to construe the assignment as an absolute sale of the lumber to *Davenport,* for the same reason we must consider the assignment from *Davenport* to *Otis,* as a transfer of all his interest to him ; there is no condition expressed in either instrument of conveyance. On this principle the proceeds of the lumber were rightfully in the hands of *Otis,* if he has actually received them ; and, of course, are not demandable in this action by *Ware.* Several other objections have been urged against the maintenance of the action which it might be difficult to answer ; but we place our decision on the ground first above stated ; that being the ground on which the merits of the cause has been principally discussed by the counsel.

We are all of opinion that the verdict must be set aside and a nonsuit entered.

*D. Williams,* for the plaintiff.

*Otis, pro se.*